UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY,<br><br>  Plaintiff,<br>v.<br><br>KYLE KING; KYLE BOYD a/k/a KYLE BYRD; INSURANCE 3 GROUP, INC.; 1 BONDING & INSURANCE GROUP, LLC,<br><br>  Defendants. | §§§§§§§§§§§§§ Civil Action No. 3:22-cv-01122 |

## ORIGINAL COMPLAINT

Plaintiff The Ohio Casualty Insurance Company ("Ohio Casualty") files this Original Complaint against Defendants Kyle King, Kyle Boyd a/k/a Kyle Byrd, Insurance 3 Group, Inc., and 1 Bonding & Insurance Group, LLC (collectively, the "Defendants").

## I.
## PARTIES

1.   The Ohio Casualty Insurance Company ("Ohio Casualty") is an Ohio corporation with its principal place of business in Fairfield, Ohio. For jurisdiction purposes, Ohio Casualty is a citizen of the State of Ohio.

2.   Kyle King ("King") is an individual resident of the State of Texas who may be served with process at 3920 Travis, No. 13, Dallas, Texas 75204 or wherever he may be found. King is a citizen of the State of Texas.

3.   Kyle Boyd a/k/a Kyle Byrd ("Boyd") is an individual resident of the State of Texas who may be served with process at 1520 Waterside Ct., Dallas, Texas 75218, 5734 Vickery Blvd., Dallas, Texas 75206 or wherever he may be found. Boyd is a citizen of the State of Texas.

4. Insurance 3 Group, Inc. ("Insurance 3") is a Texas corporation with its principal place of business located at 5734 Vickery Blvd., Dallas, Texas 75206, and may be served with process by serving its registered agent, Kyle Byrd at 1520 Waterside Court, Dallas, Texas 75218, or wherever they may be found. For jurisdiction purposes, Insurance 3 is a citizen of the State of Texas.

5. 1 Bonding & Insurance Group, LLC ("1 Bonding") is a Texas limited liability company with its principal place of business located at 5734 Vickery Blvd., Dallas, Texas 75206, and may be served with process by serving its registered agent, Betsey Jill Boyd at 5734 Vickery Blvd., Dallas, Texas 75206, or wherever they may be found. Upon a diligent search of the publicly available information, 1 Bonding's members are not clearly identified, but upon information and belief, all members of 1 Bonding reside in and are citizens of the State of Texas. Accordingly, 1 Bonding is a citizen of the State of Texas.[1]

## II.
## JURISDICTION

6. This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1332 in that this is a civil action between citizens of different states and the matter in controversy

---

[1] A distinct and affirmative allegation of citizenship based on information and belief that all members are diverse is sufficient proof that diversity exists. *See Thunder Patch II, LLC v. JPMorgan Chase Bank, N.A. as Tr. of Red Crest Tr.*, No. 518CV00629OLGRBF, 2018 WL 6488008, at *3 (W.D. Tex. Dec. 10, 2018) (citing *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3d Cir. 2015)) (noting the complaint sufficiently alleged diversity in good faith based on information and belief); *see also Hise Real Estate Investments, LP v. Great Lakes Ins. SE*, No. 4:20-CV-820-SDJ, 2021 WL 217264, at *2 (E.D. Tex. Jan. 21, 2021) (citing *Lincoln Benefit Life Co.*, 800 F.3d at 108 (holding that a party may make jurisdictional allegations of citizenship based on information and belief so long as it has conducted a "reasonable query into the facts alleged" and consulted publicly available sources concerning the entities' membership status); *see also Carolina Cas. Ins. Co. v. Tamp Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (stating that, when jurisdictional information rests exclusively within a party's control, it is permissible for the other side to, at least initially, "allege simply that the [other party is] diverse to it" and "to plead its allegations on the basis of information and belief"); *Med. Assurance Co. v. Heilman*, 610 F.3d 371, 376 (7th Cir. 2010) (holding that plaintiff had properly pleaded diversity of citizenship by stating "on information and belief" that defendants were citizens of a particular state)); *cf. Mullins v. Testamerica Inc.*, 300 F. App'x 259, 260 (5th Cir. 2008) (the court found the citizenship allegations were insufficient because defendants did not affirmatively allege the states of citizenship of each partner and member; instead, defendants merely alleged that they believed none of those members or partners were citizens of Texas).

exceeds the sum of $75,000.00, exclusive of interest and costs.

## III.
## VENUE

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in this judicial district. Furthermore, each of the Defendants reside or hold their principal place of business in this judicial district.

## IV.
## FACTUAL BACKGROUND

8.     Ohio Casualty, a surety company, entered into a limited agency appointment and agreement (the "Agreement") with the Defendants pursuant to which the Defendants were granted a limited license for the purpose of placing Ohio Casualty insurance and surety bonding products pursuant to certain terms and conditions. Accordingly, the Defendants were permitted to act as brokers for marketing and sale of certain surety bonds on behalf of Ohio Casualty and its affiliated companies in a limited capacity.

9.     On or about July 6, 2015, Ohio Casualty resupplied certified multi-company Powers of Attorney (the "POAs") at the Defendants' request. The POAs were issued to both King and Boyd individually as representatives of Insurance 3 and 1 Bonding. As a part of Ohio Casualty's Agreement with the Defendants, and under the POAs, King and Boyd were granted the authority to sign bonds on behalf of Ohio Casualty when the bond is produced by a properly licensed and appointed producer *and* the bond is approved by Ohio Casualty prior to its signature. Ohio Casualty's prior approval of all bonds was a strict condition precedent to the execution or issuance of any bonds or documents on behalf of Ohio Casualty by King or Boyd and consideration for King and Boyd's receipt of the POAs.

10.    In or around March 2017, the Defendants produced certain unexecuted bond forms identified by bond nos. 60116618, 60116619, and 60116624 (the "Bond Forms") related to two

commercial construction projects in Tulsa, Oklahoma. Specifically, those projects were for the renovation of a Fairfield Inn & Suites located at 3214 S. 79th E. Ave., Tulsa, Oklahoma and a Courtyard by Marriot located at 3340 S. 79th E. Ave., Tulsa, Oklahoma (collectively, the "Projects").

11. The Bond Forms each listed Ohio Casualty as surety and were unexecuted by any party, including any of the Defendants. The Bond Forms were produced without Ohio Casualty or any of its affiliates' knowledge or approval.

12. In exchange for issuing the Bond Forms in relation to the Projects, the Defendants received payments of purported bond premiums in the collective amount of $49,920.00 (the "Payment"). While the unsigned Bond Forms listed Ohio Casualty as surety, no performance bonds were ever approved by, and no premiums ever paid to, Ohio Casualty related to the Projects. Rather, the Defendants produced the unexecuted Bond Forms and kept the Payment without informing or discussing either with Ohio Casualty or its affiliates.

13. In late 2017, it came to Ohio Casualty's attention that the Defendants had been issuing fraudulent bonds and unexecuted bond forms naming Ohio Casualty as the surety. The Defendants would provide purported bonds or unexecuted bond forms to parties seeking to acquire a bond and then would keep any premium payments for those alleged bonds and unexecuted bond forms. Accordingly, Ohio Casualty terminated and destroyed the Defendants' POAs on or about November 10, 2017. However, Ohio Casualty was not made aware of the Bond Forms by the Defendants or otherwise until late Spring of 2018.

14. On May 24, 2018, the owners of the Projects made claims against Ohio Casualty based on the Bond Forms provided by the Defendants. Ohio Casualty had no record of, and in fact no knowledge of, the Bond Forms prior to the Projects' owners making their claim. In light of this

fact, and after further investigation into the Bond Forms, Ohio Casualty denied the claims asserted against the Bond Forms. Shortly thereafter, the Projects' owners filed suit against Ohio Casualty, among multiple other parties including the Defendants, for alleged damages incurred in relation to the Projects in a matter entitled *Sheridan Properties, LLC v. Intellistay Hospitality Management, LLC, et al., v. Aniketan Patel, et al.,* Case No. CJ-2018-2147 in the District Court for Tulsa County, Oklahoma (the "Oklahoma Litigation") which remains pending. While Ohio Casualty denies all liability with respect the Bond Forms, Ohio Casualty has incurred substantial costs and expenses (including, but not limited to, interest, court costs, consultant fees, and attorney's fees), investigating and defending the claims asserted against the Bond Forms. To date, Ohio Casualty's losses incurred related to the Defendants' issuance of the Bond Forms exceeds $150,000.00 and such damages continue to accrue. Further, Ohio Casualty is exposed to additional losses, costs, and expenses as a result of the claims asserted against the Bond Forms which exceed $2,600,000.00.

15. On March 31, 2021, Ohio Casualty made written demand on the Defendants to reimburse Ohio Casualty for its losses, costs, and expenses. Despite Ohio Casualty's demand, the Defendants have wholly failed and refused to indemnify and exonerate Ohio Casualty from any and all liability, demands, losses, fees, costs, and expenses incurred by Ohio Casualty as a result of the Defendants' issuance of the Bond Forms.

16. As a result of the Defendants' wrongful issuance of the Bond Forms and failure and refusal to indemnify Ohio Casualty for damages incurred as a result, Ohio Casualty brings this lawsuit against the Defendants seeking the following legal and equitable relief.

# V.
# CAUSES OF ACTION
### COUNT ONE
### BREACH OF CONTRACT

17. Ohio Casualty incorporates the allegations in Paragraphs 1-16 above as if fully set forth herein.

18. The Agreement and POAs are valid enforceable contracts which impose fiduciary duties upon the Defendants. Pursuant to the Agreement and the POAs, the Defendants were provided certain authority to sign bonds on behalf of Ohio Casualty when the bond is produced by a properly licensed and appointed producer *and* the bond is approved by Ohio Casualty prior to its signature. Ohio Casualty's prior approval of all bonds was a strict condition precedent to the execution or issuance of any bonds by the Defendants.

19. The Defendants failed to comply with the requirements of the Agreement by issuing the Bond Forms without the Ohio Casualty's knowledge or approval as expressly required. The Defendants' unapproved issuance of the Bond Forms was a material breach of the Agreement and their limited authority under the POAs.

20. As a result of the Defendants' breaches of contract, Ohio Casualty has sustained losses, costs, and expenses, including, but not limited to, attorneys' fees, and will continue to sustain additional losses and expenses due to claims on the Projects and through the time of trial. Further, Ohio Casualty remains exposed to significant loss related to the claims asserted against Ohio Casualty related to the Projects.

## COUNT TWO
## BREACH OF FIDUCIARY DUTY

21. Ohio Casualty incorporates the allegations in Paragraphs 1-20 above as if fully set forth herein.

22. The POAs and Agreement impose fiduciary duties on the Defendants to act for the benefit of Ohio Casualty in issuance of surety bonds and exercise of their limited authority on behalf of Ohio Casualty. Specifically, the Defendants owed Ohio Casualty duties of loyalty, care, obedience, and good faith and fair dealing.

23. By issuing the Bond Forms without Ohio Casualty's knowledge or approval and receiving and retaining the Payment for themselves in exchange, the Defendants have breached their fiduciary duties owed to Ohio Casualty.

24. As a result of the Defendants' breaches of their fiduciary duties, Ohio Casualty has sustained losses, costs, and expenses, including, but not limited to, attorneys' fees, and will continue to sustain additional losses and expenses due to claims on the Projects, for which it is entitled to judgment.

## COUNTY THREE
## FRAUD

25. Ohio Casualty incorporates the allegations in Paragraphs 1-24 above as if fully set forth herein.

26. The Defendants represented to Ohio Casualty that they would comply with all requirements prior to issuance of any surety bonds, bond forms, or other documents on behalf of Ohio Casualty, including agreeing that all bonds or documents would not be signed or produced without prior approval by Ohio Casualty. The Defendants' representations were made to induce Ohio Casualty to provide them with the POAs. The Defendants had no intention to comply with

their representations and their requirements under the Agreement and the POAs. Ohio Casualty reasonably relied on the Defendants' representations and assurances and issued the POAs to the Defendants.

27. Despite not informing Ohio Casualty of the request for performance bonds on the Projects, let alone getting approval for the issuance of the Bond Forms, the Defendants produced the Bond Forms in relation to the Projects under the representation that they were approved by Ohio Casualty. The Defendants knew Ohio Casualty had no knowledge of, much less approved, the issuance of the Bond Forms. Claims were made against the Bond Forms, and ultimately, the Oklahoma Litigation was filed. As a result, Ohio Casualty has incurred, and continues to incur, damages caused by the Defendants' fraud in an amount to be proven at trial.

## COUNT FOUR
### ATTORNEYS' FEES

28. Ohio Casualty incorporates the allegations in Paragraphs 1-27 above as if fully set forth herein.

29. Ohio Casualty is entitled to reasonable attorneys' fees in addition to the amount of its damages suffered as a result of the Defendants' breach of contract pursuant to § 38.001 of the Texas Civil Practice & Remedies Code.

## COUNT FIVE
### COSTS AND INTEREST

30. Ohio Casualty incorporates the allegations in Paragraphs 1-29 above as if fully set forth herein.

31. Ohio Casualty is entitled to recover from the Defendants, jointly and severally, all costs of court, plus pre-judgment and post-judgment interest at the maximum legal rate allowed by law.

## VI.
## CONDITIONS PRECEDENT

32. All conditions precedent to Ohio Casualty's entitlement to assert the above claims and causes of action have occurred or have been satisfied, waived, or excused.

## VII.
## REQUEST FOR RELIEF

Ohio Casualty requests that the Defendants be cited to appear and answer this Complaint, and that the Court award Ohio Casualty judgment against the Defendants, jointly and severally, and in favor of Ohio Casualty for all damages including, but not limited to, attorneys' fees incurred by Ohio Casualty through the time of trial, as a result of the Defendants breach of contract, breach of fiduciary duty, and for fraud; along with pre- and post-judgment interest at the maximum amount allowed by law; and award Ohio Casualty such other and further relief to which it is justly entitled.

Dated this 20th day of May, 2022.

Respectfully Submitted,

*/s/ Emory G. Allen*
CHRISTOPHER R. WARD
State Bar No. 24008233
cward@clarkhill.com
EMORY G. ALLEN
State Bar No. 24105430
eallen@clarkhill.com
**CLARK HILL PLC**
2600 Dallas Parkway, Suite 600
Frisco, Texas 75034
Telephone:   (469) 287-3900
Facsimile:   (469) 287-3999

Attorneys for Plaintiff The Ohio Casualty Insurance Company