IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:22-cv-01122-M |
| v. | § § | |
| KYLE KING, et al., | § § | |
| Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Kyle King's Amended Motion to Transfer Venue (ECF No. 17), seeking to transfer venue under 28 U.S.C. § 1404(a) to state district court in Tulsa County, Oklahoma.[1]  The Amended Motion to Transfer is **DENIED**.

On May 20, 2022, Plaintiff The Ohio Casualty Insurance Company filed suit in this Court against Defendants Kyle King, Kyle Boyd, Insurance 3 Group, Inc., and 1 Bonding & Insurance Group, LLC.[2]  ECF No. 1 ¶¶ 1–5.  On May 24, 2022, Plaintiff filed a First Amended Complaint, alleging that it entered into an agreement with Defendants, in which Defendants were granted authority to issue bonds on behalf of Plaintiff, as surety, upon Plaintiff's approval.  ECF No. 9 ¶ 8.  Plaintiff alleges that Defendants fraudulently issued bonds on its behalf, which resulted in claims against the bonds, and a lawsuit being filed by third-party claimants against Plaintiff and

---

[1] The Court denied the earlier filed Motions to Transfer (ECF Nos. 12, 16) as moot, and is only considering the Amended Motion to Transfer.  ECF No. 31.

[2] Kyle King is the only Defendant who has appeared in this case.  The other Defendants were served (ECF Nos. 26–30), but they have not made an appearance in this case, nor have they filed a response to the Complaint within the deadline under Federal Rule of Civil Procedure 12(a)(1)(A)(i).  The Court ordered Plaintiff, by January 27, 2023, to show cause why it has not moved for an entry of default against those Defendants, or alternatively, to file a motion for entry of default with the Clerk and a motion for default judgment with the Court.  ECF No. 32.

Defendants in Oklahoma state court (the "Oklahoma Litigation").[3] *Id.* ¶¶ 13–14.  As a result of the claims and resulting Oklahoma Litigation, Plaintiff brought this suit, demanding the Defendants indemnify Plaintiff from expenses, and seeking damages incurred because of Defendants' alleged breaches of contract and fiduciary duties, and fraud.  *Id.* at 6–8.

Defendant King now moves to transfer this case to state district court in Tulsa County, Oklahoma, on the grounds that all parties to this action are parties to the Oklahoma Litigation.  ECF No. 17 at 3.

Under 28 U.S.C. § 1404(a), a district court can transfer "any civil action to another district or division where it might have been brought" if it is in the interest of justice and for the convenience of the parties and witnesses.  As a matter of law, the Court must deny King's request to transfer this case to Oklahoma state court because § 1404(a) does not permit a federal court to transfer a case to state court.  *Pope v. Atlantic Coast Line R.R. Co.*, 345 U.S. 379, 384 (1953).  Therefore, the Amended Motion to Transfer is **DENIED**.

**SO ORDERED**.

January 25, 2023.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE

---

[3] *Sheridan Properties, LLC v. IntelliStay Hospitality Management, LLC, et al.*, No. CJ-2018-2147, 2018 WL 11344886 (Okla. Dist. Aug. 29, 2018).